
FILED
SEP 20 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES GENE MARTIN,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK, Warden; Attorney General of the State of Montana,<br><br>Respondents. | CV 13-173-M-DWM-JCL<br><br>ORDER |

James Gene Martin is a state prisoner proceeding pro se. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging the state court judge presiding over his case violated his Fourteenth, Sixth, and Thirteenth Amendment rights by improperly playing a role in both the accusatory and judicial processes. Magistrate Judge Lynch recommends denying the petition.

Martin objected to the Findings and Recommendation on September 9, 2013, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Martin's objections, I agree with Judge Lynch's analysis and conclusion, expanding only

briefly on the nature of Martin's argument. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Martin contends that the Magistrate Judge Lynch's Findings and Recommendation incorrectly characterize his argument and he raises objections to the findings that: (1) his claim is frivolous, (2) his claim lacks merit, and (3) he failed to make a substantial showing of the denial of a constitutional right. Martin maintains that his constitutional rights were violated when the state judge performed the allegedly incompatible accusatory and judicial roles of granting the Indictment and presiding over his case.

As noted by Magistrate Judge Lynch, prosecution or indictment by information is consistent with the federal guarantee of due process. *Hurtado v. Cal.*, 110 U.S. 516, 538 (1884). Martin's position is that the judge's role in that process makes him biased, a contention rejected by the Court in *Hurtado*. Furthermore, Martin's reliance on *In re Murchison* is unconvincing, as it does not apply to the facts of this case. 349 U.S. 133, 136-37 (1955) (focusing on the unique prosecutorial nature of a "one man grand jury" investigation and the fact that the judge in that instance testified to his own personal knowledge of the offense). *Crater v. Galza*, also relied upon by Martin, further demonstrates the very limited application of the "accusatory role" analysis. 491 F.3d 1119, 1132

(9th Cir. 2007) (finding no suggestion of bias and that the judge did not perform incompatible accusatory and judicial roles).

Based on the foregoing, this Court finds Martin's claim to be frivolous and without merit. Furthermore, Martin has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), so the Court denies him a certificate of appealability.

IT IS ORDERED that the Findings and Recommendation (doc. 3) is ADOPTED IN FULL. James Martin's petition for writ of habeas corpus (doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 20th day of September 2013.

Donald W. Molloy, District Judge
United States District Court